O'CONNOR PLAYDON & GUBEN LLP
A Limited Liability Law Partnership

DENNIS E. W. O'CONNOR JR.      (4084)
JEFFERY S. FLORES              (8691)
Pacific Guardian Center, Makai Tower
733 Bishop Street, 24th Floor
Honolulu, Hawaii  96813
Phone:  524-8350
Facsimile: 531-8628
doj@opglaw.com
jsf@opglaw.com
Attorneys for Plaintiff
LISA PARKER

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>ERNESTO JULIAN RAMIREZ and MARILYN NACAPUY RAMIREZ,<br><br>Debtors. | CASE NO. 11-01997<br>(Chapter 7) |
| LISA PARKER,<br><br>Plaintiff,<br>v.<br><br>ERNESTO JULIAN RAMIREZ,<br><br>Defendant. | Adv. No. 12-90033<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF LISA PARKER'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT ERNESTO JULIAN RAMIREZ, FILED JANUARY 9, 2013** |

**FINDINGS OF FACT; CONCLUSIONS OF LAW; AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF LISA PARKER'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT ERNESTO JULIAN RAMIREZ, FILED JANUARY 9, 2013**

On January 9, 2013, Plaintiff LISA PARKER (hereinafter "Plaintiff Parker") filed her Motion for Summary Judgment Against Defendant Ernesto Julian Ramirez (hereinafter "Motion"). The Motion came on for hearing on February 14, 2013 before the Honorable Robert J. Faris of the United States Bankruptcy Court for the District of Hawaii. Jeffery S. Flores appeared for Plaintiff Parker and Stuart T. Ing appeared on behalf of Defendant ERNESTO JULIAN RAMIREZ (hereinafter "Defendant"). No other parties made appearances or filed pleadings in this matter.

The Court having considered the Motion, Defendant's Opposition, Plaintiff Parker's Reply, the records in this case, the arguments of counsel at the hearing on this matter and good cause appearing therefore, makes the following Findings of Fact and Conclusions of Law:

# FINDINGS OF FACT

1. On April 15, 2011 Plaintiff Parker executed a contract with the Defendant contractor for the demolition and renovation of Plaintiff Parker's home.

2. On April 18, 2011, Plaintiff Parker paid $125,000 to Defendant.

3. On June 3, 2011, Plaintiff Parker paid $36,000 to Defendant.

4. On June 15, 2011, Defendant was indicted for wire fraud in the United States District Court for the District of Hawaii (Case No. Criminal 11-00605).

5. On July 18, 2011 Defendant filed Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Hawaii (Case No. 11-01997).

6. On July 21, 2011, Plaintiff Parker paid $19,000 to Defendant.

7. On July 22, 2011, Defendant pled guilty to wire fraud.

8. On July 31, 2011, Plaintiff Parker paid Defendant $5,000.

9. On August 16, 2011, Plaintiff Parker paid Defendant $20,000.

10. On November 14, 2011 Defendant was sentenced for wire fraud.

11. All of the progress payments made by Plaintiff Parker were at the request of Defendant.

U.S. Bankruptcy Court - Hawaii   #12-90033   Dkt # 98   Filed 02/27/13   Page 3 of 5

12. Defendant did not tell Plaintiff Parker or her husband about his bankruptcy filing or his indictment when Defendant asked for progress payments that occurred after the bankruptcy filing and after his indictment.

13. Any Findings of Fact deemed to be a Conclusion of Law shall be a Conclusion of Law.

## CONCLUSIONS OF LAW

1. A contractor has a duty to tell a homeowner, when the contractor goes to the homeowner for a progress payment, facts that are material to the payment request;

2. Material facts are facts that a reasonable homeowner would consider important and would want to know prior to making a payment to a contractor;

3. A reasonable homeowner such as Plaintiff Parker, when asked for progress payments from a contractor such as Defendant, would want to know that their contractor has been indicted for a federal felony and has filed a Chapter 7 bankruptcy case, each of which are material facts.

4. Defendant's concealment of these material facts constituted misrepresentations to Plaintiff Parker.

5. The totality of circumstances, including Defendant's deceptive conduct, establishes Defendant's fraudulent intent.

6. Defendant committed fraud under 11 U.S.C. §523(a)(2) since Defendant had duty to disclose these material facts to Plaintiff when he asked for progress payments, but failed to disclose them.

7. Plaintiff was damaged as a proximate result of Defendant's failure to disclose these material facts in the amount $44,000, the amount of the post-bankruptcy, post-indictment progress payments made by Plaintiff Parker to Defendant.

8. Any Conclusion of Law deemed to be a Findings of Fact shall be a Finding of Fact.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: February 27, 2013

Lisa Parker v. Ernesto Julian Ramirez; Adversary No. 12-90033;
**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF LISA PARKER'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT ERNESTO JULIAN RAMIREZ, FILED JANUARY 9, 2013**